390    APPELLATE COURTS OF ILLINOIS.

Utica H. C. Co. v. The Chicago, R. I. & P. Ry. Co., 193 Ill. App. 390.

## Utica Hydraulic Cement Company, Appellee, v. The Chicago, Rock Island & Pacific Railway Company, Appellant.

### Gen. No. 6,047.    (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 15, 1915.

### Statement of the Case.

Action on the case brought by the Utica Hydraulic Cement Company against the Chicago, Rock Island and Pacific Railway Company for the alleged destruction of a barn by fire near the defendant's right of way, caused by sparks from a passing locomotive. From a judgment in the plaintiff's favor, the defendant appeals.

The evidence showed that just previous to the fire, a locomotive belonging to the defendant passed, and in its operation threw out large quantities of cinders; that the wind was blowing from the track towards the barn; and that shortly after the passing of the engine fire was noticed in the portion nearest the track, near an opening in the barn.

At the request of the plaintiff, the court instructed the jury that "proof of the destruction of property by fire escaping from a locomotive raises a prima facie case of negligence, which the defendant must rebut by showing the absence of negligence by a preponderance of the evidence, or that plaintiff's own fault or negligence contributed to the injury."

The errors relied on by the appellant were a denial of a motion to exclude the plaintiff's evidence, to direct a verdict for the defendant, and in giving such instruction.

WILLIAM D. FULLERTON and A. B. ENOCH, for appellant.

McDOUGALL & CHAPMAN and HOWARD H. BAYNE, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. RAILROADS, § 932*—*when evidence warrants inference that fire was caused by locomotive.* An inference that a fire which destroyed a barn near a railway track was caused by sparks escaping from a locomotive, may be drawn from evidence that just previous to the fire, when the wind was blowing from the track towards the barn, that an engine passed throwing out a large quantity of cinders, and that soon thereafter fire was discovered in the barn near an opening in the side nearest the track.

2. RAILROADS, § 945*—*directing verdict for defendant in action for fire caused by locomotive.* A motion to strike out the plaintiff's evidence and to direct a verdict for the defendant was properly denied in an action for the destruction of a barn by fire caused by a locomotive, where the testimony showed that the fire was discovered in the barn, near an opening facing the track, shortly after the passing of a locomotive which emitted a large quantity of cinders, and that the wind was blowing from the track towards the barn.

3. RAILROADS, § 932*—*when cause of fire by sparks from locomotive inferred.* Whether a fire which caused the destruction of a building near a railway track was started by sparks from a locomotive is usually a matter of inference from the circumstances proven.

4. RAILROADS, § 941*—*instruction as to burden of showing fire not due to sparks from locomotive.* An instruction in an action for the destruction of a building by fire caused by a passing locomotive, that proof of the destruction of the property by fire from such a cause raised a prima facie case of negligence which the defendant must rebut by a preponderance of the evidence, showing the absence of negligence, or that the fire was due to the fault of the plaintiff, *held* not erroneous where the defendant did not offer any evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. RAILROADS, § 919*—*when defendant has burden of showing fire not caused by sparks from locomotive.* Evidence of circumstances justifying an inference that a fire which consumed a building was caused by burning cinders or sparks emitted from the defendant's passing locomotive, establishes a prima facie case which, under the statute, casts on the defendant the burden of proving such facts as would excuse it.

6. INSTRUCTIONS, § 151*—*when not error to refuse instruction.* There is no error in refusing requested instructions which are covered by other instructions actually given.